PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS JARMOSZUK, | ) | |
| | ) | CASE NO. 1:13CV0475 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| FARM CREDIT OF FLORIDA, | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | [Resolving ECF Nos. 7 and 14] |

Pending is Defendant Farm Credit of Florida's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(2, 3, and 6), asking the Court to dismiss the case for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. ECF No. 7. Plaintiff Nicholas Jarmoszuk responded (ECF No. 18) and Defendant replied (ECF No. 20). Also pending is Plaintiff's Motion for Leave to Amend Complaint (ECF No. 14). Defendant responded (ECF No. 17).[1]

The Court has reviewed the motions, responsive briefs and the applicable law. For the reasons provided below, Defendant's Motion to Dismiss is granted and Plaintiff's Motion for Leave to Amend Complaint is denied as futile.

---

[1] Plaintiff did not file a permissive reply memorandum. *See* LR 7.1(e).

(1:13CV0475)

## I. Procedural and Factual Background

The instant case involves the loans that Defendant made to Plaintiff.  ECF No. 1. Defendant is an agricultural credit association, organized and existing under the laws of the United States of America, and is successor by merger to Farm Credit of Southwest Florida.  *Id.* at ¶ 6.  Defendant has its principal place of business and all of its offices, employees and operations in Florida.  Affidavit of Wayne Montgomery (ECF No. 7-1) at ¶¶ 4-5.  Plaintiff is a resident of Cuyahoga County, Ohio.  ECF No. 1 at ¶ 5.  In 2005, Plaintiff approached Defendant at its office in Florida and requested that Defendant loan Plaintiff money to purchase a property in Lee County, Florida.  ECF No. 7-1 at ¶¶ 3-10.  Defendant approved the loan which was secured by the Florida property.  ECF No. 1 at ¶¶ 7-8; ECF No. 7-1 at ¶ 12.  Defendant subsequently made four additional loans to Plaintiff and other co-borrowers–his wife and multiple Florida limited liability companies.  *Id.* at ¶¶ 16-22.  These loans were also secured by property located in Florida.  *Id.* at ¶¶ 25-26.  The underwriting and servicing activities for the loans were facilitated by Defendant's employees at its offices in Florida.  *Id.* at ¶¶ 6-11.

On March 4, 2013, Plaintiff filed this action, alleging that "Defendant steered Plaintiff to and approved loan products that were high cost, predatory, and unsuitable for Plaintiff."  ECF No. 1 at ¶ 8.  The Complaint states six counts:  unjust enrichment, negligence per se, negligence, violation of the Agricultural Credit Act of 1987, breach of contract, and breach of implied covenant of good faith and fair dealing.  ECF No. 1.

Plaintiff's counsel filed a Notice of Service of Summons and Complaint that asserts that the summons and complaint in this action were served upon Defendant *via* certified mail sent on

2

(1:13CV0475)

March 6, 2013, and received on March 11, 2013.  ECF No. 3.  On March 27, 2013, Defendant filed a motion for counsel to appear *pro hac vice* on Defendant's behalf pursuant to LR 83.5(h). ECF No. 4.  The Court granted the motion to appear *pro hac vice* on April 17, 2013.  On the following day, Defendant moved the Court to dismiss this action for lack of personal jurisdiction over Defendant, improper venue, and failure to state a claim upon which relief can be granted. ECF No. 7.

## II. Standard of Review for Personal Jurisdiction

Plaintiff bears the burden of establishing that jurisdiction exists.  *E.g.*, *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883 (6th Cir. 2002).  "When the district court rules on written submissions alone the burden consists of a *prima facie* showing that personal jurisdiction exists." *Schneider v. Hardesty*, 669 F.3d 693, 697 (6th Cir. 2012) (internal quotation marks omitted). The Court must view the pleadings and affidavits in the light most favorable to the plaintiff, *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721-22 (6th Cir. 2000), and must not consider facts proffered by the defendant that conflict with those offered by the plaintiff.  *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002).

A prima facie showing is made by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction."  *Neogen Corp.*, 282 F.3d at 887*.  Under this standard, dismissal is proper if all the allegations put forth by the plaintiff collectively fail to state a prima facie case for jurisdiction.  *Kerry Steel, Inc. v. Paragon Industries, Inc.*, 106 F.3d 147, 149 (6th Cir. 1997).

(1:13CV0475)

### III. Defendant's Motion to Dismiss

Defendant seeks dismissal on several grounds, as indicated above, because the case will be dismissed for lack of personal jurisdiction over Defendant, the Court need not address the other grounds for dismissal urged in the Motion to Dismiss. ECF No. 7.

#### A. Timeliness of Motion to Dismiss

At the threshold, Plaintiff alleges that Defendant filed its Motion to Dismiss later than allowed by Fed. R. Civ. P. 12, which states that a responsive pleading must be filed within 21 days after a defendant has been served with the summons and complaint. Defendant argues that Plaintiff's service *via* certified mail was not in compliance with the local rules governing the service of process, and that the 21 days only begins after the summons and complaint have been served in full compliance with the local rules[2] in conjunction with Rule 12. ECF No. 20 at PageID #: 751. Because, Defendant alleges, Plaintiff's service by certified mail was improper, the 21 days allowed to file a responsive pleading had not, and still has not, begun to run. ECF No. 20 at PageID #: 751.

Defendant is correct. As explained below, Plaintiff did not comply with the rules for service of process, therefore, the 21 day limit for filing a responsive pleading under Fed. R. Civ. P. 12 has not yet begun to run.

The Northern District of Ohio's Local Rule 4.2 (LR 4.2) provides fairly exacting instructions for service of process. It provides in pertinent part:

---

[2] As shown below, the local rule at issue incorporates service in accordance with the law of the state of Ohio also.

4

(1:13CV0475)

>Fed. R. Civ. P. 4(e)(1) <u>authorizes service pursuant to the law of the state in which the district court is located</u> for a summons or other like process upon the defendant in an action brought in the courts of general jurisdiction of Ohio.  Rules 4.1 and 4.3(B) of the Ohio Rules of Civil Procedure provides for service by the Clerk mailing the summons and complaint by certified mail.  <u>An attorney who attempts to effect service in this Court pursuant to the law of Ohio must comply with the following procedure:</u>
>>**(a)** Plaintiff's attorney shall address the envelope to the person to be served, shall enter as the return address the address of the issuing location for <u>The Office of the Clerk</u>, and shall place a copy of the summons and complaint or other document to be served in the envelope.  Plaintiff's attorney shall also affix to the back of the envelope the domestic return receipt card, PS Form 3811, July 1983, (the "green card") showing the <u>Name of Sender as</u> "Clerk, United States District Court, Northern District of Ohio" at the appropriate address with the certified mail number affixed to the front of the envelope.  The instructions to the delivering postal employee shall require the employee to show to whom delivered, date of delivery, and address where delivered.  Plaintiff's attorney shall affix adequate postage to the envelope and deliver it to the Clerk who shall cause it to be mailed.  The envelope should be unsealed when it is delivered to the Clerk so that the Clerk can verify the contents prior to mailing.
>>**(b)** <u>The Clerk</u> shall enter the fact of mailing on the appearance docket and make a similar entry when the return receipt is received. . . .

(emphasis added.)  The complaint and summons that Defendant received on March 11, 2013 had not been delivered to, nor mailed by, the Clerk as required by LR 4.2 to perfect service *via* certified mail.  ECF No. 6.  Rather, Plaintiff's counsel, not the Clerk attempted to execute service.

In addition to service by certified mail, attorneys are authorized by LR 4.2 and the Ohio Rules of Civil Procedure to docket a return of service only if service was perfected by "personal Process Server."  U.S. Bank National Ass'n v. Lenor, No. 1:07CV2635, 2008 WL 1775250, at *3 (N.D. Ohio April 15, 2008) (Boyko, J.).  The Court's docket reflects that Plaintiff's counsel, not

5

(1:13CV0475)

a process server, filed and docketed the Proof of Service, AO National Form 440, and the domestic return receipt card, PS Form 3811 (the "green card").  See ECF No. 6.

Because Plaintiff has failed to perfect service upon Defendant *via* certified mail or personal process server, the Court finds that Defendant's Motion to Dismiss was timely filed.

### B. Personal Jurisdiction

Defendant argues that the Complaint (ECF No. 1) must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2) because the Court lacks personal jurisdiction over Defendant.[3]  ECF No. 7 at PageID #: 74.  Plaintiff relies on the following statements to support his argument: "the events giving rise to the causes of action asserted herein took place in Lorain County, Ohio, and the matter herein is predicated upon contracts entered into and executed in Lorain County, Ohio."  ECF No. 1 at ¶ 4.  Defendant argues that these statements are inadequate to meet Plaintiff's burden.  ECF No. 20 at PageID #: 754.  Plaintiff relies only on the contacts he alleges in the Complaint (ECF No. 1), not on any counter-affidavits or other admissible evidence, as sufficient

---

[3] "[U]nder Ohio law, a court may exercise personal jurisdiction over a non-resident defendant only if specific jurisdiction can be found under one of the enumerated bases in Ohio's long-arm statute."  Puronics, Inc. v. Clean Res., Inc., No. 5:12CV1053, 2013 WL 149882, at *4 (N.D. Ohio Jan. 14, 2013) (quoting Conn v. Zakharov, 667 F.3d 705, 718 (6th Cir. 2012)).  Accordingly, the Court will only apply specific jurisdiction analysis to Defendant's Motion to Dismiss for lack of personal jurisdiction.

(1:13CV0475)

to establish a basis for the Court to assert personal jurisdiction.[4]  The allegations Plaintiff relies on are ambiguous and require clarification.

First, Plaintiff has not informed the Court of what "events" are alleged to have taken place in Ohio.  It is clear that Defendant has at no time had an employee travel to Ohio in connection with any of Defendant's business activities, and all of the loans that Defendant made to Plaintiff are secured by property located in Florida.  ECF No. 7-1 at ¶¶ 16-22, 25-26.  The Court, therefore, deduces that the alleged "events" that occurred in Ohio could only have occurred by way of Plaintiff, and not Defendant.  As the Court of Appeals for the Sixth Circuit stated in *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d 1110, 1118-19 (6th Cir. 1994), "unilateral activity of [the plaintiff] is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction." *Id.* at 1118-19 (6th Cir. 1994) (alteration in original) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984)).

Second, Plaintiff alleges that "the matter herein is predicated upon contracts entered into and executed in Lorain County, Ohio."  ECF No. 1 at ¶ 4  At first glance, it appears that Plaintiff asserts that Defendant signed the contracts in Ohio; however, this is not the case.  The contracts

---

[4] Plaintiff did file an affidavit, signed by Plaintiff in 2005–in Florida–certifying that he entered into a trust and that the trust's address is in Ohio.  ECF No. 18-1.  The Court is informed that the trustees, on behalf of the trust, are parties to the underlying loan transaction that is at issue in this case.  However, Plaintiff does not cite to the affidavit in his responsive brief and it is not clear what bearing the affidavit has on the issues presented.  Plaintiff does not argue, and the Court does not find, that the affidavit furthers Plaintiff's arguments with regard to this Court's personal jurisdiction over Defendant.

7

(1:13CV0475)

at issue were signed by Plaintiff in Ohio; however, they were issued and delivered to and signed by Defendant in Florida. ECF No. 7-1 at ¶ 7. Having clarified the facts surrounding Defendant's contacts with Ohio, the Court proceeds to apply the relevant law.

When determining whether a federal court has personal jurisdiction over a defendant, a court must follow two steps. *See, e.g.*, *Bird*, 289 F.3d at 871. Personal jurisdiction exists "if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process." *Id.* (alterations in original) (citation omitted).

**1. Ohio's Long-Arm Statute**

The Ohio long-arm statute provides, in pertinent part:

(A)  A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:

(1)  Transacting any business in this state;

(2)  Contracting to supply services or goods in this state;

\* \* \* \*

Ohio Rev. Code § 2307.382(A). To "transact" means "to prosecute negotiations; to carry on business;" and "to have dealings." *Barnabus Consulting Ltd. v. Riverside Health Sys., Inc.*, No. 07AP-1014, 2008 WL 2588579, at \*3 (Ohio App. 10th Dist. June 30, 2008) (citing *Kentucky Oaks Mall Co. v. Mitchell's Formal Wear Inc.*, 53 Ohio St.3d 73, 75 (1990)). "The word embraces in its meaning the carrying on or prosecution of business negotiations but it is a broader term than the word 'contract.'" *Kentucky Oaks Mall Co.*, 53 Ohio St.3d at  (emphasis omitted) (quoting Black's Law Dictionary 1341 (5th ed.1979)).

8

(1:13CV0475)

      Courts have identified two factors that help determine whether an out-of-state defendant "transacted business" within the meaning of the long-arm statute.  *See*, *e.g.*, *Paglioni & Assocs., Inc. v. WinnerComm, Inc.*, No. 2:06CV0276, 2007 WL 852055 (S.D. Ohio Mar.16, 2007); *Shaker Constr. Group, LLC v. Schilling*, No. 1:08CV0278, 2008 WL 4346777 (S.D. Ohio Sept.18, 2008).  The first factor is whether the out-of-state defendant initiated the dealing, *Paglioni*, 2007 WL 852055, at *9.  The second factor that helps determine whether an out-of-state defendant "transacted business" is whether the parties' negotiations or discussions took place within the forum state, or with terms affecting the forum state.  *Id.*  Plaintiff does not allege that Defendant initiated the dealings, that the parties' negotiations or discussions took place within Ohio, or that any terms of the parties' agreement affects, or has had an effect on Ohio.[5]  Instead, Plaintiff asserts that Defendant's contracts with Plaintiff, an Ohio resident, alone qualifies as Defendant's "transacting any business" under Ohio's long-arm statute.  ECF No. 18 at PageID #: 733.

      The law does not support Plaintiff's position.  "[U]nder Ohio law, the mere existence of a contract is insufficient to support jurisdiction." *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 431 (6th Cir. 2006) (citing *Calphalon Corp.*, 228 F.3d at 722).  Plaintiff's allegations that he is an Ohio resident and that he entered a contract with Defendant

---

    [5] According to uncontested arguments made by Defendant, Plaintiff initiated the business relationship, Defendant did not conduct any negotiations or discussions within Ohio, and the terms of the parties' agreement have no affect on Ohio because it is binding under Florida law and all the collateral is located in Florida.  ECF Nos. 7 at PageID #: 72 and 7-1.

(1:13CV0475)

are insufficient to establish personal jurisdiction over Defendant under Ohio's long-arm statute. *Kerry Steel, Inc.*, 106 F.3d at 151.

### 2. Due Process

Defendant argues that Plaintiff has failed to establish a *prima facie* case of personal jurisdiction under the Due Process Clause of the United States Constitution. ECF No. 7 at Page ID #: 74-75; ECF No. 20 at PageID #: 754.  The foundation of personal jurisdiction due process analysis is that a defendant not physically present in a forum must have "certain minimum contacts with [that forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"  See *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940).

Minimum contacts exist when "the defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 297 (1980).  It is necessary that the defendant "purposely avail[ ] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp., v. Rudzewicz*, 471 U.S. 462, 475 (1985) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see also Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273 (6th Cir. 1998).  "This purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or of the unilateral activity of another party or a third person." *Dean*, 134 F.3d at 1273 (quoting *Burger King Corp.*, 471 U.S. at 475) (quotation marks and citations omitted).

10

(1:13CV0475)

"[M]inimum contacts can only be formed by 'an action of the *defendant* purposefully directed toward the forum State.'" *Reynolds*, 23 F.3d at 1119 (emphasis added) (citing *Asahi Metal Industry Co., Ltd. v. Superior Court of California, Solano Cnty.*, 480 U.S. 102, 112, (1987)). Plaintiff has not alleged that Defendant performed any action within Ohio. Plaintiff argues that the series of contracts that Defendant made with Plaintiff is sufficient grounds for personal jurisdiction. However, the mere existence of a contract between Defendant and Plaintiff, an Ohio resident, does not show that Defendant purposefully directed its actions toward Ohio. See *Calphalon Corp.*, 228 F.3d at 722.

Plaintiff also argues that the multiple loans Defendant made to Plaintiff over the course of years is a basis for jurisdiction.[6] ECF No. 18 at PageID #: 733. The Court does not agree. In *Calphalon Corp.*, the Sixth Circuit observed that in determining the exercise of personal jurisdiction over a defendant, "the *quality* rather than the *quantity* of the contacts is the proper subject of review. . . . [W]e should focus here on the *quality* of the parties' relationship, rather than the *duration* of the relationship." 228 F.3d at 722 (emphasis in original). Although Defendant made loans to Plaintiff several times between 2005 and 2008, the Court finds that the quality of Defendant's contacts with Ohio–entering into a contract with an Ohio resident and nothing more–is insufficient to establish personal jurisdiction. Therefore, Plaintiff has not met his burden of stating a *prima facie* case of personal jurisdiction under the Due Process Clause, *i.e.,* that Defendant purposely availed itself of the privilege of conducting activities within Ohio.

---

[6] From 2005 through 2008, Defendant made five loans to Plaintiff and other co-borrowers–his wife and multiple Florida limited liability companies. ECF No. 7-1.

11

(1:13CV0475)

Finally, the Court concludes the exercise of personal jurisdiction over Defendant under these circumstances would offend "traditional notions of fair play and substantial justice." *See Asahi Metal Industry Co., Ltd.*, 480 U.S. at 105 (quoting *Int'l Shoe Co.*, 326 U.S. at 316).

> A court must consider the burden on the defendant, the interests of the forum State, and the plaintiff's interest in obtaining relief. It must also weigh in its determination the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.

*Id.* at 113 (quotation marks and citation omitted). Defendant has conducted substantially all of its business activities and has all its employees and offices in Florida. It would be a great burden to Defendant to have it defend this action in Ohio. Moreover, the action involves loans that have been secured by Florida property and the contracts had all been executed by Defendant in Florida. Plaintiff's interest in seeking relief can be resolved in a court in Florida that has personal jurisdiction over Defendant.[7] A Florida court would be in a better position to resolve this matter that concerns loans created under Florida law and secured by properties located in Florida.

### IV. Plaintiff's Motion for Leave to Amend Complaint

On May 28, 2013, Plaintiff filed a Motion for Leave to Amend Complaint (ECF No. 14) and attached to the motion a copy of his proposed First Amended Complaint With Class

---

[7] The Court notes that on the same day that the case at bar was filed (*i.e.*, March 4, 2013), Defendant filed an action in the Twentieth Judicial Circuit Court of the State of Florida, Farm Credit of Florida ACA v. West Ficus Tree Farm LLC, Case No. 13-CA-000649, in which Plaintiff is named as a defendant. ECF No. 7-1 at ¶ 32. The Florida action involves the loans and agreements at issue in this action. Plaintiff's interest in seeking relief for the claims alleged in the Complaint (ECF No. 1) in the case at bar can appropriately be addressed in the pending Florida action.

(1:13CV0475)

Allegations (ECF No. 14-1). Because this Court lacks personal jurisdiction over Defendant, an amendment to the complaint would be pointless unless it directly related to the jurisdiction issue. "It is well settled that the district court may deny a motion for leave to amend a complaint if such complaint, as amended, could not withstand a motion to dismiss." *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres., Dep't of Hous. & Urban Dev., City of Louisville*, 632 F.2d 21, 23 (6th Cir.1980) (citations omitted).

In his proposed amended complaint, Plaintiff adds class action allegations, ECF 14-1 at ¶¶ 20-31 and a cause of action for violation of the Equal Credit Opportunity Act. ECF 14-1 at ¶¶ 47-52. The amended complaint adds no new allegations that relate to the jurisdictional issue.

In dismissing a case for lack of personal jurisdiction over a defendant, district courts have at the same time, denied the plaintiff's pending motion to amend the complaint when such an amendment would not repair the jurisdictional deficiency. *See Filtrexx Int'l, LLC v. Truelsen*, No. 5:12CV58, 2013 WL 587582, at *3 (N.D. Ohio Feb. 13, 2013) (Lioi, J.) (denying as futile the plaintiff's motion for leave to amend the complaint since "the proposed amendment offers no new contentions which bear on the Court's analysis of the threshold personal jurisdiction issue"); *Dart Machinery, Ltd. v. Raceredi Motorsports, LLC*, No. 08-13180, 2009 WL 230541, at *6 (E.D. Mich. Jan. 30, 2009) (finding that the exercise of personal jurisdiction over the defendants violated due process and the proposed complaint offered no new factual allegations to support jurisdiction). Finding that the amendments as suggested by Plaintiff would be futile, the Court denies Plaintiff's Motion for Leave to Amend Complaint (ECF No. 14).

**V. Conclusion**

13

(1:13CV0475)

Because the Court lacks personal jurisdiction over Defendant for the reasons stated above, the undersigned will not address Defendant's arguments that the case should be dismissed for improper venue and failure to state a claim upon which relief can be granted.

Defendant's Motion to Dismiss (ECF No. 7) is granted and Plaintiff's Motion for Leave to Amend Complaint (ECF No. 14) is denied as futile.

IT IS SO ORDERED.

| | |
|---|---|
| July 31, 2013 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |